IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON BENNETT** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 23-579 |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, ET AL.** | : | |
| | : | |

**ORDER**

This 18th day of August, 2025, following careful and independent consideration of the petition for writ of habeas corpus, the record as submitted at ECF 12 and 32, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells and Petitioner's objections, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

2. The Petition for Writ of Habeas Corpus is **DISMISSED**.

3. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this court's disposition of his claims. Consequently, a certificate of appealability is **DENIED.**

   /s/ Gerald Austin McHugh
United States District Judge

---

[1] Judge Wells and the Commonwealth differ in how they classify several of Mr. Bennett's claims. Judge Wells considers claims one, two, and three to be grounded in state law, and accordingly dismisses them as not cognizable. ECF 34 at 3. The Commonwealth only classifies claim two as based on state law. *See* ECF 32 at 9. I adopt Judge Wells' analysis but observe that even if claims one and three could be viewed as grounded in the federal constitution, Bennett failed to exhaust these claims in state court resulting in their procedural default. And because Mr. Bennett fails to establish prejudice, set forth an excise for the default, or provide any new reliable evidence of his actual innocence, these claims, even if cognizable, must be dismissed.